UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.   No. 3:25-CV-00105-KAC-DCP

AN EASEMENT AND RIGHT-OF-WAY
OVER 0.005 ACRE OF LAND, MORE OR
LESS, IN KNOX COUNTY, TENNESSEE, and
ERICH WEAVER,
CAITLYN CLARKSON,
ROCKET MORTGAGE, LLC,
YALE RILEY, trustee,
MORTGAGE ELECTRONIC REGISTRATION
 SYSTEM, INC., beneficiary and nominee,
Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION
FOR ENTRY OF AN ORDER DIRECTING DEPOSIT OF FUNDS**

This is a federal condemnation action in which the Plaintiff, the United States of America upon the relation and for the use of the Tennessee Valley Authority (TVA), has moved the Court, pursuant to the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118 (2012) (formerly codified at 40 U.S.C. §§ 258a-258e-1), for entry of an order directing the Clerk of Court to invest, in accordance with Local Rule 67.1(b), all sums tendered to the Clerk by the Plaintiff. This memorandum is submitted in support of that motion.

As grounds for this motion, Plaintiff states that the Declaration of Taking Act is applicable to condemnations such as this under the TVA Act (*see* 16 U.S.C. § 831c(i)); that the Declaration of Taking Act authorizes the deposit with the Court of the funds tendered by Plaintiff, and that, upon acceptance and deposit of the funds tendered by Plaintiff, all

1

requirements of the Declaration of Taking Act will have been fulfilled and Plaintiff will be entitled to an order of immediate possession pursuant to 40 U.S.C. § 3114(d)(1).[1]

## ARGUMENT

The condemnation procedure authorized by the Declaration of Taking Act specifically provides for the deposit with the Court of the funds tendered by the Plaintiff, 40 U.S.C. § 3114(b), and, pursuant to Local Rule 67.1, the funds should be deposited into an interest-bearing account. Accordingly, Plaintiff has moved that the Court enter an order directing the Clerk to invest the funds tendered by Plaintiff for the use of the persons entitled thereto in accordance with Local Rule 67.1.

Upon entry of an order directing the investment of the funds tendered by Plaintiff, all requirements of the Declaration of Taking Act will have been satisfied, with the result that (a) the property rights described in the Declaration of Taking will have been condemned and taken, (b) title to the rights taken will have vested in the Plaintiff, and (c) the right to just compensation for the taking will have vested in the persons entitled thereto. *See* 40 U.S.C. § 3114(b). Accordingly, Plaintiff is entitled to possession of the rights condemned, and the Court has authority to enter an order of immediate possession pursuant to 40 U.S.C. § 3114(d)(1). *See United States v. Miller*, 317 U.S. 369, 381 (1943) (pointing out that one of the primary purposes of the Declaration of Taking Act was to provide a procedure "to give the Government immediate possession of the property"); *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 5 (1984) (stating that upon compliance with the Declaration of Taking Act, "[t]itle and right to possession thereupon vest immediately in the United States"); *United States v. Dow*, 357 U.S. 17, 23 (1958)

---

[1]   In accordance with the Declaration of Taking Act and Federal Rule of Procedure 71.1, Plaintiff has filed a Complaint (Doc. 1), a Declaration of Taking (Doc. 1-3), and a Notice of Condemnation (Doc. 1-6). Upon entry of the proposed order directing deposit of funds, TVA will tender $27,300 to the Clerk of Court as Plaintiff's estimate of just and liberal compensation for the property rights acquired in this case.

2

("[T]he filing of the declaration enables it [the Government] to enter immediately . . . ."); *United States ex rel. TVA v. An Easement & Right-of-Way 200 Feet Wide and 874 Feet Long*, 235 F. Supp. 376, 378 (N.D. Miss. 1964) ("[U]nder the provisions of the declaration of taking statute, 40 U.S.C. § 258a (1958), this court has authority to put TVA into immediate possession of the condemned property.").

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court enter an order directing the Clerk of Court to deposit all funds tendered by Plaintiff in this action.

Respectfully submitted,

*s/James S. Chase*
James S. Chase (TN BAR 020578)
Assistant General Counsel
OFFICE OF THE GENERAL COUNSEL
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.4239
jschase@tva.gov

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I certify that the foregoing Memorandum in Support of Plaintiff's *Ex Parte* Motion for Entry of an Order Directing Deposit of Funds was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt (parties may access this filing through the Court's ECF system).

A copy of this document is being sent to the Defendants by regular U.S. mail as indicated below:

> Erich Weaver
> 1744 Hickory Reserve Road
> Knoxville, Tennessee 37932
>
> Caitlyn Clarkson
> 1744 Hickory Reserve Road
> Knoxville, Tennessee 37932
>
> Rocket Mortgage, LLC
> c/o CT Corporation System
> (registered agent for service of process)
> 300 Montvue Road
> Knoxville, Tennessee 37919
>
> Yale Riley
> 1508 Shelby Avenue
> Nashville, Tennessee 37206-3036
>
> Mortgage Electronic Registration System, Inc.
> 11819 Miami Street, Suite 100
> Omaha, Nebraska 68164

*s/James S. Chase*
James S. Chase (TN BAR 020578)
Attorney for Plaintiff

129911604

4

Case 3:25-cv-00105-KAC-DCP   Document 6   Filed 03/13/25   Page 4 of 4   PageID #: 31